JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carol Lynn Hummer, 2903 Elbridge Street, Philadelphia, PA 19149

**DEFENDANTS**
PA CVS, CVS Pharmacy, One CVS Drive, Woonsocket, RI 02895

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Providence County RI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason E. Fine, Esquire, J. Fine Law Group
1628 John F. Kennedy Boulevard, Suite 2120
Philadelphia, PA 19103 (267) 888-2960

Attorneys *(If Known)*
Marc H. Perry, Esquire/Chris Chancler, Esquire Post & Schell
Four Penn Center, 13th Floor, 1600 JFK Blvd,
Philadelphia, PA 19103 (215) 587-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

◻ 1   U.S. Government
Plaintiff

◻ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

◻ 2   U.S. Government
Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ◻ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 376 Qui Tam (31 USC 3729(a)) |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | Product Liability | | | ◻ 400 State Reapportionment |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & | ◻ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' Liability | ◻ 368 Asbestos Personal Injury Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ◻ 340 Marine ◻ 345 Marine Product Liability | | | ◻ 835 Patent - Abbreviated New Drug Application ◻ 840 Trademark | ◻ 460 Deportation ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | **PERSONAL PROPERTY** ◻ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 371 Truth in Lending | ◻ 710 Fair Labor Standards Act | ◻ 861 HIA (1395ff) | ◻ 490 Cable/Sat TV |
| ◻ 190 Other Contract | ☒ 360 Other Personal | ◻ 380 Other Personal Property Damage | ◻ 720 Labor/Management | ◻ 862 Black Lung (923) | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 195 Contract Product Liability | Injury | ◻ 385 Property Damage | Relations | ◻ 863 DIWC/DIWW (405(g)) ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | ◻ 362 Personal Injury - Medical Malpractice | Product Liability | ◻ 740 Railway Labor Act ◻ 751 Family and Medical | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts ◻ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act ◻ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ◻ 895 Freedom of Information Act |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights | **Habeas Corpus:** | ◻ 791 Employee Retirement | ◻ 870 Taxes (U.S. Plaintiff | ◻ 896 Arbitration |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | Income Security Act | or Defendant) | ◻ 899 Administrative Procedure |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate Sentence | | ◻ 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| ◻ 240 Torts to Land | ◻ 443 Housing/ Accommodations | ◻ 530 General | | | ◻ 950 Constitutionality of State Statutes |
| ◻ 245 Tort Product Liability | ◻ 445 Amer. w/Disabilities - | ◻ 535 Death Penalty | **IMMIGRATION** | | |
| ◻ 290 All Other Real Property | Employment | **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 446 Amer. w/Disabilities - Other | ◻ 540 Mandamus & Other ◻ 550 Civil Rights | ◻ 465 Other Immigration Actions | | |
| | ◻ 448 Education | ◻ 555 Prison Condition ◻ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

◻ 1   Original
Proceeding

☒ 2   Removed from
State Court

◻ 3   Remanded from
Appellate Court

◻ 4   Reinstated or
Reopened

◻ 5   Transferred from
Another District
*(specify)*

◻ 6   Multidistrict
Litigation -
Transfer

◻ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
◻ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
50,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ◻ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/14/2017

SIGNATURE OF ATTORNEY OF RECORD
Marc H. Perry, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiffs:    **Carol Lynn Hummer, 2903 Elbridge Street, Philadelphia, PA  19149**

Addresses of Defendants:    **Pennsylvania CVS Pharmacy, LLC and CVS Pharmacy, Inc., One CVS Drive, Woonsocket, RI**

Place of Accident, incident or Transaction:    **Philadelphia, PA**

(Use Reverse Side for Additional Space)

Does this case involve multidistrict litigation possibilities:    Yes    (No)

RELATED CASE IF ANY

Case Number:         Judge:            Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier number suit pending or within one year previously terminated action in this court?    Yes    (No)

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes    (No)

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes    (No)

CIVIL: (Place an X in ONE CATEGORY ONLY)

A.    Federal Question Cases:
  1. __ Indemnity Contract, Marine Contract, and All Other Contracts
  2. __ FELA
  3. __ Jones Act - Personal Injury
  4. __ Antitrust
  5. __ Patent
  6. __ Labor-Management Relations
  7. __ Civil Rights
  8. __ Habeas Corpus
  9. __ Securities Act(s) Cases
  10. __ Social Security Review Cases
  11. __ All other Federal Question Cases-Red Cross

B.    Diversity Jurisdiction Cases:
  1. __ Insurance Contract and Other Contracts
  2 __ Airplane Personal Injury
  3. __ Assault, Defamation
  4. __ Marine Personal Injury
  5. __ Motor Vehicle Personal Injury
  6. _X_ Other Personal Injury (Please specify)- Trip and fall
  7. __ Products Liability
  8. __ Products Liability--Asbestos
  9. __ All other Diversity Cases
       (Please specify)

**CERTIFICATION**
(Check appropriate category)

I,  MARC H. PERRY, ESQUIRE , counsel of record do hereby certify:

Pursuant to Local Civil Rule 53.2, Section 3(C)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action may exceed the sum of  $75,000.00 exclusive of interest and cost;

DATE:   11/14/17              <u>MARC H. PERRY, ESQUIRE</u>     <u>68610</u>
                                        Attorney-at-Law

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   11/14/17              <u>MARC H. PERRY, ESQUIRE</u>     <u>68610</u>
                                          Attorney-at-Law

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CAROL LYNN HUMMER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| PENNSYLVANIA CVS PHARMACY, LLC | | |
| AND CVS PHARMACY, INC. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| __11/14/17__ | **Marc H. Perry, Esquire** | *Marc H Perry* |
| Date | **Attorney-at-law** | |
| | **Attorney for Defendants** | |

| | |
|---|---|
| __(215) 587-6606__ | __(215) 320-4709__ |
| Telephone | FAX Number |

E-Mail Address:  mperry@postschell.com

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 — Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall,, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent that those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL. 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See § 0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See § 0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

POST & SCHELL, P.C.
BY: MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
CHRISTOPHER T. CHANCLER, ESQUIRE
E-MAIL: cchancler@postschell.com
I.D. # 312298
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANTS

CAROL LYNN HUMMER,

Plaintiff,

v.

PENNSYLVANIA CVS PHARMACY, LLC
and CVS PHARMACY, INC.,

Defendants.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

No.

## DEFENDANTS, PENNSYLVANIA CVS PHARMACY, LLC AND CVS PHARMACY, INC.'S, PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendants, Pennsylvania CVS Pharmacy, LLC and CVS Pharmacy, Inc., by and through their attorneys, Post & Schell, P.C., hereby petition to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, October Term 2017, No. 999, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, aver as follows:

## I.    NATURE OF ACTION

1.    This action arises out of an alleged trip and fall accident that occurred on December 6, 2015 outside a CVS store located in Philadelphia, PA. See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A".

2.    Plaintiff is a resident of Pennsylvania with an address of 2903 Elbridge Street, Philadelphia, Pennsylvania 19149. Id.

3.     Defendant, Pennsylvania CVS Pharmacy, LLC is a Pennsylvania limited liability company with a business address of 6501 Harbison Avenue, Philadelphia, Pennsylvania. See Affidavit of Melanie Luker attached hereto as Exhibit "B."

4.     The sole managing member of Pennsylvania CVS Pharmacy, LLC is CVS Pharmacy, Inc., who is also a defendant in this action. Id.

5.     Defendant, CVS Pharmacy, Inc. is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Id.

6.     Plaintiff alleges to have suffered "serious, painful, permanent, and grievous injuries", which include, but are not limited to, facial injuries, including three (3) lost teeth, and a closed head injury. Plaintiff also alleges to have incurred, *inter alia*, medical and financial expenses, both past and future, and the loss of life's pleasures. See Exhibit "A" at ¶¶11& 19-24.

7.     Plaintiff has also asserted, pursuant to Pennsylvania pleading rules, that she suffered damages in excess of the \$50,000 jurisdictional limits of a Board of Arbitrators. See Exhibit "A."

## II.     PROCEDURAL HISTORY

8.     On or about October 9, 2017 Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas. See Exhibit "A."

9.     The Complaint was served on Pennsylvania CVS Pharmacy, LLC via certified mail on October 16, 2017.

10.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

2

11.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.     LEGAL ARGUMENT

### A.     THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

12.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

13.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

14.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

15.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

16.     As stated above, Plaintiff is a resident of Pennsylvania and CVS Pharmacy, Inc. is a foreign corporation with a principal place of business in Rhode Island.

17.     In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

18.     Pennsylvania CVS Pharmacy, LLC's sole managing member is CVS Pharmacy, Inc. As the sole managing member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, LLC.

3

19. As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and the Defendants (Rhode Island).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20. Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

21. The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

22. "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

23. The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

24. In this case, Plaintiff alleges to have suffered "serious, painful, permanent, and grievous injuries", which include, but are not limited to, facial injuries, including three (3) lost teeth, and a closed head injury. Plaintiff also alleges to have incurred, *inter alia*, medical and financial expenses, both past and future, and the loss of life's pleasures. See Exhibit "A" at ¶¶11& 19-24.

4

25.     Considering all of these items of claimed recoverable damages, while Defendants dispute Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

## IV.     CONCLUSION

26.     Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendants, Pennsylvania CVS Pharmacy, LLC and CVS Pharmacy, Inc., respectfully request that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY: _____
     MARC H. PERRY, ESQUIRE
     CHRISTOPHER T. CHANCLER, ESQUIRE
     Attorneys for DEFENDANTS

**DATED:** November 14, 2017

5

# EXHIBIT "A"

### CIVIL ACTION COMPLAINT

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2017**

E-Filing Number: 1710019728

**000999**

| | |
|---|---|
| PLAINTIFF'S NAME<br>CAROL LYNN HUMMER | DEFENDANT'S NAME<br>PENNSYLVANIA CVS PHARMACY, LLC |
| PLAINTIFF'S ADDRESS<br>2903 ELBERIDGE STREET<br>PHILADELPHIA PA 19149 | DEFENDANT'S ADDRESS<br>ONE CVS DRIVE<br>WOONSOCKET RI 02895 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>CVS PHARMACY, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>6501 HARBISON AVENUE<br>PHILADELPHIA PA 19149 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

OCT 09 2017

**K. EDWARDS**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES     NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CAROL LYNN HUMMER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JASON E. FINE | ADDRESS<br>J FINE LAW GROUP, LLC<br>1628 JFK BOULEVARD |
|---|---|
| PHONE NUMBER<br>(267) 888-2960 | FAX NUMBER<br>(267) 687-7018 | SUITE 2120<br>PHILADELPHIA PA 19103 |
| SUPREME COURT IDENTIFICATION NO.<br>82452 | E-MAIL ADDRESS<br>jason@jfinelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JASON FINE | DATE SUBMITTED<br>Monday, October 09, 2017, 11:15 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
jason@jfinelaw.com

Attorney for Plaintiff,
CAROL LYNN HUMMER

---

**CAROL LYNN HUMMER**
2903 Elberidge Street
Philadelphia, PA 19149

               Plaintiff,

    vs.

**PENNSYLVANIA CVS PHARMACY, LLC**
One CVS Drive
Woonsocket, RI 02895
and
**CVS PHARMACY, INC**
6501 Harbison Avenue
Philadelphia, PA 19149

---

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

                  TERM, 2017

No.:

**MAJOR NON-JURY CASE**
**ASSESSMENT OF DAMAGES**
**HEARING IS REQUIRED**

---

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other aviso

claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET NO
LEGAL HELP

PHILADELPHIA BAR ASSOCIATION

Lawyer Referral And Information Service

1101 Market Street, 11ᵗʰ Floor

Philadelphia, PA 19121

Le han damemdado a rusted en la corm. SI usted quiere defenderse de estas demandas expuestas in las patina's las sigulenter, ested teima veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia esoltta o an parsona o cuo un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demand as en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previous

o notification. Demas, la corte puede decidir a favor del demandante y require que used cumple con todas las provisones de esta demanda. Usted puede prderdinero o sus propiedades u torso darachos importanted para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI

                TIENE
EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR
         TELEFONE A LA OFICINO CUYA DIRECCION
              ENCUENTRA ESCRITA ABAJO PARA AVERIGUA
              DONDE SE PUEDE CONSEGUIR ASISTENCIA
              LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
              Servicio

Case ID: 171000999

De Referencia B Information Legal

1101
Market Street, 11ª Floor Filadelfia, Pennsylvania 19107

## CIVIL ACTION COMPLAINT
### 2S – PREMISE LIABILITY – SLIP/TRIP & FALL

1.      Plaintiff, **CAROL LYNN HUMMER**, is an adult individual residing at 2903 Elbridge Street, Philadelphia, PA 19149.

2.      Defendant, **PENNSYLVANIA CVS PHARMACY, LLC**, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing with a registered office for the acceptance of service or a principal place of business at One CVS Drive, Woonsocket, RI 02895225 W. Washington Street, Indianapolis, IN 46204.

3.      Defendant, **CVS PHARMACY** is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing with a registered office for the acceptance of service or a principal place of business at 6501 Harbison Avenue, Philadelphia, PA 19149.

4.      Venue is appropriate in Philadelphia County as all Defendant's, regularly conducts business in Philadelphia County at various locations throughout the Philadelphia area.

5.      Venue is appropriate in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 2179 and/or Pennsylvania Rule of Civil Procedure 1006(f)(1).

6.      Defendants are also subject to the general personal jurisdiction of Philadelphia, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301, as there are locations within Philadelphia County where each Defendant, actively and regularly conducts business in Philadelphia, Pennsylvania.

7.      At all times, relevant and material to this complaint, defendant, PENNSYLVANIA CVS PHARMACY, LLC, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of

Case ID: 171000999

said employment and/or agency, and/or were acting for a common purpose or a joint venture.

8.     At all times, relevant and material to this complaint, defendant, CVS PHARMACY, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

9.     At all times material and relevant to this complaint, said Defendants, individually, jointly or severally owned, operated, leased, managed, controlled and/or had dominion over the premises located at 6501 Harbison Avenue, Philadelphia, PA 19149.

10.     At all times material and relevant to this complaint, said Defendants, individually, jointly or severally, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

11.     On or about December 6, 2015, at/around 7:30 a.m., plaintiff, Carol Lynn Hummer, was a business patron lawfully upon the Defendant's premises, when suddenly and without warning, she was caused to trip and fall due a unlevel area in said parking lot, causing her to suffer serious, painful, permanent and grievous injuries.

12.     At all times, relevant hereto, said Defendants, individually, jointly and/or severally, owed a duty to repair, maintain, correct, inspect and otherwise be responsible for the aforesaid premises, to provide a safe and hazard-free environment and otherwise be responsible for the care, custody and/or control of the real property so that same would be safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including plaintiff, Carol Lynn Hummer.

13.     Defendants, individually, jointly or severally, knew and/or should have known of the said dangerous conditions, and therefore defective conditions, and the likelihood that same

Case ID: 171000999

would cause injuries to invitees, guests, independent contractors, licensees and/or members of the public lawfully on the aforesaid premises in the absence of adequate safety measures.

14.    At all times material, hereto, the area upon which plaintiff, Carol Lynn Hummer, was walking within Defendant's premises and under their exclusive care, custody and control.

15.    The circumstances under which plaintiff, Carol Lynn Hummer, was injured was such that said injuries could not have occurred on said premises except by Defendant's negligence, individually, jointly or severally.

16.    The aforesaid accident resulted solely from the negligence and carelessness of said Defendants, individually, jointly or severally, and in no manner whatsoever to any act or failure to act on the part of plaintiff, Carol Lynn Hummer.

## COUNT I - NEGLIGENCE
### CAROL LYNN HUMMER v. PENNSYLVANIA CVS PHARMACY, LLC

17.    Plaintiff, Carol Lynn Hummer, incorporates herein by reference paragraphs one through six-teen (1-16), inclusive, as though same were set forth at length.

18.    The negligence and carelessness of said Defendant, Pennsylvania CVS Pharmacy, LLC, in the care, custody or control of the aforementioned premises and walkway area consisted of the following:

(a)    failing to inspect, correct or have corrected, repair or protect from defective and/or hazardous conditions existing in the area used by invitees, independent contractors, licensees, guests and/or members of the public on said Defendant's premises;

(b)    allowing a defective condition, i.e. uneven walkway outside of said store to exist which Defendant knew or should have known created a dangerous condition and hazard to invitees, independent contractors, licensees, guests and/or members

of the public;

(c)     failure to warn invitees, independent contractors, licensees, guests and/or the general public of the dangerous, hazardous and unsafe conditions on said premises;

(d)     failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions on said premises;

(e)     failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives of defendant's herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing a dangerous and defective condition on Defendant's premises, including the defective and/or dangerous conditions which caused plaintiff, Carol Lynn Hummer's injuries;

(f)     failure to provide safe conditions for invitees, independent contractors, guests, licensees and/or members of the general public on the premises;

(g)     failure to act with due care and regard for the position and safety of others, in particular, plaintiff, Carol Lynn Hummer;

(h)     failure to provide and maintain proper supervision of said premises;

(i)     failure to provide and maintain proper safety precautions at said premises;

(j)     failure to respond in a timely manner to an insecure or dangerous condition or situation upon said premises;

(k)     failure to properly maintain and clean after a construction site causing said plaintiff injuries; and

(l)     failure to place safety and/or warning objects upon the Defendant's premises to prevent invitees, independent contractors, licensees, guests and/or the

general public, in particular, plaintiff, Carol Lynn Hummer.

19.    As the direct and proximate result of this accident, plaintiff, Carol Lynn Hummer, has suffered injuries which are serious and permanent, including, but not limited to:

- Facial injuries including 3 lost teeth
- Closed Head Injury

as well as various other ills and injuries.

20.    As a further result of this accident, plaintiff, Carol Lynn Hummer, has been obligated to receive and undergo medical attention and care for the injuries sustained, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

21.    As a further result of this accident, plaintiff, Carol Lynn Hummer, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendant is liable for all of same.

22.    As a further result of this accident, plaintiff, Carol Lynn Hummer, has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

23.    As a further result of the accident, said plaintiff, Carol Lynn Hummer, has or may continue in the future incur other financial expenses or losses to which she may be otherwise be entitled to recover.

24.    As a further result of the accident, plaintiff, Carol Lynn Hummer, has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

WHEREFORE, plaintiff, Carol Lynn Hummer, demands damages of said Defendant, Pennsylvania CVS Pharmacy, LLC, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs, and other relief the Court may deem appropriate.

## COUNT II - NEGLIGENCE
## CAROL LYNN HUMMER v. CVS PHARMACY

25.    Plaintiff, Carol Lynn Hummer, incorporates herein by reference paragraphs one through twenty-four (1-24), inclusive, as though same were set forth at length.

26.    The negligence and carelessness of said Defendant, CVS PHARMACY, in the care, custody or control of the aforementioned premises and walkway area consisted of the following:

(a)    failing to inspect, correct or have corrected, repair or protect from defective and/or hazardous conditions existing in the area used by invitees, independent contractors, licensees, guests and/or members of the public on said Defendant's premises;

(b)    allowing a defective condition, i.e. uneven walkway in parking lot area to exist which Defendant knew or should have known created a dangerous condition and hazard to invitees, independent contractors, licensees, guests and/or members of the public;

(c)    failure to warn invitees, independent contractors, licensees, guests and/or the general public of the dangerous, hazardous and unsafe conditions on said premises;

(d)    failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions on said premises;

(e)    failure to properly and adequately hire and/or instruct the agents, servants,

workmen, employees and/or representatives of defendant's herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing a dangerous and defective condition on Defendant's premises, including the defective and/or dangerous conditions which caused plaintiff, Carol Lynn Hummer's injuries;

(f)    failure to provide safe conditions for invitees, independent contractors, guests, licensees and/or members of the general public on the premises;

(g)    failure to act with due care and regard for the position and safety of others, in particular, plaintiff, Carol Lynn Hummer;

(h)    failure to provide and maintain proper supervision of said premises;

(i)    failure to provide and maintain proper safety precautions at said premises;

(j)    failure to respond in a timely manner to an insecure or dangerous condition or situation upon said premises;

(k)    failure to properly maintain and clean after a construction site causing said plaintiff injuries; and

(l)    failure to place safety and/or warning objects upon the Defendant's premises to prevent invitees, independent contractors, licensees, guests and/or the general public, in particular, plaintiff, Carol Lynn Hummer.

29.    As the direct and proximate result of this accident, plaintiff, Carol Lynn Hummer, has suffered injuries which are serious and permanent, including, but not limited to:

•    Facial injuries including 3 lost teeth

•    Closed Head Injury

as well as various other ills and injuries.

30.    As a further result of this accident, plaintiff, Carol Lynn Hummer, has been

obligated to receive and undergo medical attention and care for the injuries sustained, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

31.     As a further result of this accident, plaintiff, Carol Lynn Hummer, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendant is liable for all of same.

32.     As a further result of this accident, plaintiff, Carol Lynn Hummer, has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

33.     As a further result of the accident, said plaintiff, Carol Lynn Hummer, has or may continue in the future incur other financial expenses or losses to which she may be otherwise be entitled to recover.

34.     As a further result of the accident, plaintiff, Carol Lynn Hummer, has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

WHEREFORE, plaintiff, Carol Lynn Hummer, demands damages of said Defendant, CVS PHARMACY, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs, and other relief the Court may deem appropriate.

Respectfully submitted,
J. FINE LAW GROUP, P.C.

BY:

JASON E. FINE, ESQUIRE
Attorney for Plaintiff,
Carol Lynn Hummer

Case ID: 171000999

## VERIFICATION

I, Jason E. Fine, Esquire, hereby verify that I am counsel for plaintiff, and herein states that the statements in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I am making this Verification on behalf of plaintiff. I acknowledge that the foregoing Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Jason E. Fine, Esquire

# Exhibit "B"

## Affidavit of Melanie Luker

CAROL LYNN HUMMER,

                Plaintiff,

           v.

PENNSYLVANIA CVS PHARMACY,
L.L.C. and CVS PHARMACY, INC.,

                Defendants.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

No.

## AFFIDAVIT OF MELANIE K. LUKER

      BEFORE ME, the undersigned Notary, on this day personally appeared Melanie K. Luker, and being by me first duly sworn, on her oath, states as follows:

      1.      My name is Melanie K. Luker, I am over the age of twenty-one and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendants Pennsylvania CVS Pharmacy, L.L.C. and CVS Pharmacy, Inc.'s Petition for Removal.

      2.      I am the Manager, Corporate Services of CVS Pharmacy, Inc.

      3.      At the time of the incident alleged in the Complaint, and presently, CVS Pharmacy, Inc. is a foreign corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.

      4.      Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 6501 Harbison Avenue, Philadelphia, Pennsylvania.

      5.      CVS Pharmacy, Inc. is the sole managing member of Pennsylvania CVS Pharmacy, L.L.C.

_____
MELANIE K. LUKER

Sworn to before me this
14th the day of November, 2017

_____
NOTARY PUBLIC

Kimberly M. Mitchell
Notary Public
State of Rhode Island
My Commission Expires 06/08/2020

## CERTIFICATE OF SERVICE

CHRISTOPHER T. CHANCLER, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served electronically by the Court upon counsel of record.

**POST & SCHELL, P.C.**


**BY**: _____

**DATED:** November 14, 2017

MARC H. PERRY, ESQUIRE
CHRISTOPHER T. CHANCLER, ESQUIRE
Attorneys for DEFENDANTS

8